UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS JOSUE MAYORGA,<br>Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director, San Diego Office of Detention and Removal, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security; and MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,<br>Respondents. | Case No.: 3:26-cv-4387-JES-VET<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br>**[ECF No. 1]** |

Before the Court is Petitioner Luis Josue Mayorga's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1, ("Pet."). Respondents (the "Government") filed a Response that does not oppose the Petition, and Petitioner filed a Traverse addressing the appropriate remedy. ECF Nos. 4, 5. The Court considers the matter fully briefed and, for the reasons stated below, **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a native and citizen of Venezuela, entered the United States near Hidalgo, Texas, on July 2, 2022, without admission or parole, and was paroled from custody the following day, with parole authorized through September 2, 2022. Pet. ¶¶ 2, 13; ECF No. 4-2 at 4. On January 22, 2023, U.S. Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear charging removability under INA §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I). ECF No. 4-1 at 5. On August 8, 2023, Petitioner was released on his own recognizance under Section 236 of the INA, subject to conditions including reporting as directed and not violating any law. ECF No. 4-3 at 2. His removal proceedings were administratively closed on September 10, 2024, and DHS moved to re-calendar them on June 20, 2025. Pet. ¶¶ 15–16.

On June 30, 2026, Petitioner reported for a scheduled appointment in Miramar, Florida, as directed, and was taken into custody by Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 17; ECF No. 4-4 at 3; ECF No. 4-5 at 2. Petitioner did not receive advance written notice his parole was being revoked, any explanation that justified such action, or a hearing before his re-detention. Pet. ¶¶ 33, 45; ECF No. 5 at 6. He was, thereafter, transferred to, and remains detained at, Otay Mesa Detention Center. Pet. ¶ 1.

In its Response, the Government acknowledges that, under the Ninth Circuit's decision in *Rodriguez Vazquez v. Bostock*, an unadmitted noncitizen apprehended in the interior is governed by 8 U.S.C. § ("Section") 1226(a), not Section 1225. *Rodriguez Vazquez*, No. 25-6842, --- F.4th ---, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026); ECF No. 4 at 1–2. The Government further acknowledges that Petitioner was previously granted conditional parole under Section 1226(a), and that it does not oppose the Petition, deferring to the Court on relief. *Id.* at 2.

Petitioner's Traverse accepts the Section 1226(a) concession but argues the appropriate remedy is immediate restoration of his preexisting release, not a delayed initial bond hearing, and requests, *inter alia*, immediate release. ECF No. 5 at 3–4, 15–17.

//

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

In accordance with *Rodriguez Vazquez*, the Government concedes that Petitioner is subject to detention authority under Section 1226(a), not Section 1225, and that it does not oppose the Petition. ECF No. 4 at 1–2; *Rodriguez Vazquez*, 2026 WL 2196424, at *3. Therefore, the only disputed question before the Court is the scope of relief.

### A. Respondents Violated Petitioner's Due Process Rights

The Court's analysis follows the reasoning previously set forth by the undersigned in *Gergawi v. LaRose*, which the Court incorporates by reference. No. 3:25-cv-3352-JES-MMP, 2025 WL 3719321, at *1-4 (S.D. Cal. Dec. 23, 2025).

It is undisputed that, following his initial encounter with immigration authorities, the Government released Petitioner from custody on his own recognizance pursuant to section 236 of the INA. ECF No. 4-3 at 2. Courts have recognized that release "on recognizance" is another name for conditional parole under Section 1226(a). *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007). The Government's decision to release Petitioner on such terms reflected a determination that he was neither a danger to the

community nor a flight risk. As a result of its decision, Petitioner acquired a liberty interest in remaining out of custody, so long as he complied with the conditions of his release. *See Gergawi*, 2025 WL 3719321, at *3–4; *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032, 1034–35 (N.D. Cal. 2025).

The Due Process Clause permits the Government to deprive Petitioner of that interest only after affording him with advance notice and an opportunity to be heard, in which the Government bears the burden of proving by clear and convincing evidence that detention is necessary. *See Gergawi*, 2025 WL 3719321, at *3–4; *Pinchi*, 792 F. Supp. 3d at 1032; *Singh v. Holder*, 638 F.3d 1196, 1203–04 (9th Cir. 2011).

Petitioner alleges that he complied with all conditions of his release. Pet. ¶ 64. He also claims that he did not receive any notice of revocation of his release, and no opportunity to be heard, before he was re-detained on June 30, 2026. *Id.* ¶ 4. The Government's Response does not contest these assertions. *See generally* ECF No. 4.

The Court, accordingly, finds that the Government violated Petitioner's due process rights when it re-detained him on June 30, 2026, thereby, revoking his conditional parole—without notice or a hearing. *See C.A.R.V. v. Wofford*, No. 1:25-cv-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025); *Leiva Flores v. Albarran*, No. 25-cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025); *Faizyan v. Casey*, No. 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025).

**B. Petitioner is Entitled to Immediate Release**

Where the Government lacks the lawful authority to detain a noncitizen in the first place—as is the case here—an order directing a bond hearing cannot adequately remedy the harm, because such a hearing "cannot serve as an adequate procedural safeguard" where "it is after the fact and cannot prevent an erroneous deprivation of liberty." *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); *see also Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("[E]ven if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his

motion; that is, his potentially erroneous detention."). Indeed, the appropriate remedy is restoration of the status quo, prior to his re-detention. *Gergawi*, 2025 WL 3719321, at *4; *Pinchi*, 792 F. Supp. 3d at 1038.

The Court, therefore, will **GRANT** the Petitioner and **ORDER** Petitioner released.

### C. Alternative Grounds for Relief

In addition to due process grounds, the Petitioner alleges that Respondents' violations of other constitutional rights, and the APA, entitle him to habeas relief. Pet. ¶¶ 46-76. The Petition was decided on the merits, the Court, therefore, declines to reach Petitioner's alternatively asserted grounds for relief.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** the Petition for Writ of Habeas Corpus and **ORDERS** the following:

(1) Respondents are **ORDERED** to immediately **RELEASE** Petitioner from custody, under the same conditions as previously imposed, and to **FILE** a Notice of Compliance, no later than **<u>August 24, 2026,</u>** confirming that Petitioner has been released;

(2) Respondents are **ENJOINED** from re-detaining Petitioner, unless he is provided with prior written notice of the grounds for revocation of his release and a hearing before a neutral decisionmaker, at which the Government shall bear the burden of proving by clear and convincing evidence that detention is necessary;

(3) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: August 19, 2026

Honorable James E. Simmons Jr.
United States District Judge